UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAN BARAJAS,

    Plaintiff,                                                                 Case No.:

v.

B. JEFFREY WALLIS M.D. P.A.
d/b/a Advanced Gastroenterology
Associates, and JEFFREY WALLIS,

    Defendants.

---

# COMPLAINT

Plaintiff, DAN BARAJAS, brings this lawsuit against the above captioned Defendants, B.B JEFFREY WALLIS M.D., P.A. and JEFFREY WALLIS, (collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times his regular rate of pay, minimum wages, and unpaid wage claim under state law, and for failure to pay promptly on time the Plaintiff for numerous weeks worked.

### *Introduction*

1. As explained herein, an employer violates the FLSA when it does not pay minimum wages or overtime compensation to any employee who is non-exempt.

2. Employers who fail to pay salaried exempt employees for hours worked violate the Salary Basis of the FLSA and lose the exemption.

3. Employees are either exempt or non-exempt and the key to determination of exempt status does not depend on employer's general characterization of job; what is important is what employee

actually does on day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

4. It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5. Plaintiff was at all times relevant, treated by Defendants as a salaried, exempt employee under the Fair Labor Standards Act.

### *The Parties*

6. Plaintiff is a Florida resident who began working for Defendants within the meaning of the FLSA from September 2013 and until December, 2015. Plaintiff resigned after Defendants refused to pay Plaintiff, and other employees, wages for weeks worked.

7. Defendant, B. Jeffrey Wallis M.D. P.A., D/B/A Advanced Gastroenterology Associates is a Florida corporation, with a principal address of 6152 W. Corporate Oaks Drive, Crystal River, FL 34429.

8. Defendant, B. Jeffrey Wallis M.D., P.A. identifies its registered agent as Jeffrey Wallis with an address for service as 6752 W. Gulf to Lake Highway #101, Crystal River, Florida 34429. Defendant is a Florida Corporation, and may also be served at its principal place of business.

9. Defendant, Jeffrey Wallis ("Wallis"), is a Florida resident and an individual who conducts business in the state of Florida.

10. Wallis is Advanced GI Associates and B. Jeffrey Wallis M.D., P.A. Chief Executive Officer and sole owner.

11. Wallis is also the day to day general manager of the Advanced GI Associates and the prior supervisor of the Plaintiff.

12. Wallis set schedules, rates of pay for his employees, and created the pay practices and policies of the office and company, including all as related to the Plaintiff and otherwise instructed the Plaintiff and all other employees as to their job duties and requirements.

13. As an officer, manager, and or owner of the Defendant Advanced GI Associates, he is employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

### *Jurisdiction*

14. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act

15. This Court has personal jurisdiction over Defendants because one is a company organized under the laws of Florida, and also operates business inside the State of Florida within this District.

16. This Court has personal jurisdiction over the individual Defendant because Defendant is a Florida resident and/or is engaged in business within the State of Florida and within this District.

17. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Crystal River, Florida, and Defendants are subject to personal jurisdiction within this District and division as it engaged in business therein.

### *Plaintiff's Job*

18. Plaintiff's work was performed in connection with a medical practice and doctors' office.

19. Plaintiff was hired as an "office manager" and treated expected to work as many hours as necessary to complete his job duties. He remained in this position until resignation in December, 2015.

20. Plaintiff was paid a base salary, and treated as an exempt employee and informed he would not be paid for overtime hours.

21. Defendants did not track and records the work hours of Plaintiff.

### *Dates of Employment*

22. Plaintiff began his employment with Defendants on or around September 2013.

23. He resigned from his employment in December, 2015, along with numerous other employees after he and others were not paid weeks of wages.

### *Rates of Pay*

24. Plaintiff was paid a salary of $46,404.00 per year, which corresponds to $829.38 per week.

### *Hours Worked*

25. During Plaintiff's employment, Plaintiff regularly worked in excess of 40 hours a week.

26. Plaintiff estimates he worked on average 45 to 50 hours a week throughout his employment.

27. The Defendants are aware that the Plaintiff regularly worked more than forty (40) hours a week.

28. Defendants required Plaintiff to work more than forty (40) hours in any given workweek.

29. Defendants did not compensate Plaintiff for any hours worked in excess of forty (40) in any given workweek.

### *Evidence of Hours*

30. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendants.

31. Some of these records are expected to demonstrate that Plaintiff performed work at the Defendants' offices in excess of 40 hours in a workweek without any overtime pay.

32. However, these records are not entirely accurate or conclusive as to all the hours worked, as Defendants did not have a system to record all the hours the Plaintiff worked.

33. If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

34. Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' "wages, hours, and other conditions and practices of employment." *Id.*; 29 C.F.R. § 516(1). Although there is no private cause of action against an employer for noncompliance with recordkeeping obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The plaintiff may establish "a just and reasonable inference" as to the uncompensated work performed. *Anderson*, 328 U.S. at 687-88. This can be done by a plaintiff's own testimony as to their regular work habits. Once the plaintiff has offered testimony or evince of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

### *Defendants Bad Faith in Stealing Wages*

35. Defendants' failure to pay minimum wages and their failure to pay overtime compensation was knowing and willful.

36. Defendants *knew* they should be paying Plaintiff his salary each week he worked as required by the FLSA.

37. Defendants *were aware* of the laws concerning overtime, and subsequently was subjected to a Department of Labor investigation over the failure to pay employees wages.

38. Defendants gave Plaintiff false representations concerning why he was paying Plaintiff wages for weeks worked. During periods of time Defendants did not pay Plaintiff his wages, Jeffrey Wallis took pay and compensation, and took other money from the business for his personal use at the expense of Plaintiff and other employees.

39. Defendants did not check with legal counsel to determine whether their pay practices of not paying salaried exempt employees' wages owed was in compliance with the Fair Labor Standards Act and would preclude the application of the exemptions under the FLSA.

40. Defendants did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

41. Defendants, knew or should have known, that the failure to pay salaried exempt employees their wages for hours worked, and withholding pay is a violation of the FLSA and precludes the application of any exemption under the FLSA.

42. Defendants knew or should have known that the failure to pay wages for the hours Plaintiff worked violates the Minimum Wage Section of the FLSA.

43. Employers may not refuse and fail to pay salaried exempt employees their weekly salaries under the FLSA, as such is a willful violation and Plaintiff is owed the wages withheld.

44. Accordingly, Plaintiff is entitled to recover all unpaid salary payments and overtime pay due from overtime hours worked for all hours worked, plus an equal sum in liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

### *Coverage under the FLSA*

46. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the FLSA.

47. During the times relevant to this Complaint, Defendants employed more than two employees and has generated more than $500,000 in revenues in each of the three years that precede the filing of the action.

48. Indeed, the Defendants expects this year it will generate more than $500,000 in revenues.

49. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

50. Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203.

### COUNT I
### Overtime Wages Due Under the FLSA
### 29 U.S.C. § 207
### (As to All Defendants)

51. Plaintiff re-alleges paragraphs 1-50 as if fully set forth in this Count.

52. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime requirements, liquidated damages, interest, and reasonable attorneys' fees and costs of this action.

53. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA. Further, Defendants knew of much of the overtime hours Plaintiff worked.

54. As started herein, when Defendants knowingly, and willfully refused and/or failed to pay Plaintiff his salary during weeks Plaintiff worked, Defendants has violated the salary basis under the FLSA and loses the right to any exemption under the FLSA.

55. Plaintiff this is entitled to overtime compensation at a rate no less than time and a half (1.5) his regular rate of pay for all hours he worked beyond forty in any given workweek.

56. Plaintiff worked on average 45 to 50 hours per work on a consistent basis throughout his employment with Defendants.

57. Defendants did not pay Plaintiff overtime compensation at a rate of times and a half (1.5) his regular rate of pay for these hours worked over forty in a given workweek.

58. Defendants failed to pay Plaintiff from December of 2013 to December of 2015.

59. Plaintiff is owed and entitled to be paid the salary withheld by Defendants, plus an equal sum in liquidated damages as the FLSA prohibits an employer from failing to pay a salaried exempt his or her pay.

60. Defendants acted intentionally, willfully and with reckless disregard to the FLSA requirement and the harm incurred by Plaintiff.

61. As Defendants have forfeited the right to claim any exemption under the FLSA by their willful, intentional and knowing failure to pay Plaintiff his salary during numerous weeks worked, Defendants' now owe Plaintiff overtime wages for all hours worked throughout his employment at a rate of one and one half times his regular rate of pay, as per the FLSA, in particular, 29 U.S.C. § 207.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendants the unpaid salary and wages withheld, overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### Count II
### Violation of the Minimum Wage Section of the FLSA, Section 206

64. Plaintiff adopts and re-alleges paragraphs 1-50 as if fully set forth herein.

65. Defendants failed to pay Plaintiff his salary during numerous work weeks he worked.

66. Defendants' actions violate the minimum wage provision of the FLSA which requires any employer to at least pay each employee the applicable minimum wage for each hour worked.

67. If Plaintiff is not paid his full salary by Defendants, he is alternatively owed minimum wage for all hours worked up to 40 in each work week.

68. Defendants conduct in not paying plaintiff any wages for numerous weeks he worked violates the FLSA, Section 206 minimum wage provisions.

69. Defendants conduct is willful, intentional, and committed with a reckless disregard for the FLSA requirements such that a 3 year SOL applies and Jeffrey Wallis is individually liable as he made the decisions.

WHEREFORE, Plaintiff prays for the following relief:

   a. A judgment in the Plaintiff's favor and against the Defendants for violating the FLSA and holding them jointly and severally liable;

b. That the Court finds the Defendants in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violation of the FLSA was and is willful, in bad faith, and with reckless disregard for the law;

c. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours, in each associated workweek in the last three years that Plaintiff did not receive at least one and one-half time times his regular rate of pay; liquidated damages of an equal amount; in addition to attorneys' fees and costs under § 216 of the FLSA; and

d. Award Plaintiff the salary and compensation for each week worked and withheld by Defendants, plus an equal sum in liquidated damages; or in the alternative, minimum wages for all weeks not paid, plus an equal sum in liquidated damages.

e. That the court find the Defendants have violated the FLSA and forfeited the right to claim any exemption applicable to the Plaintiff.

f. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

g. Plaintiff seeks a bench trial in lieu of a jury trial.

Respectfully submitted this 1st day of November, 2016 by:

*/s/ Mitchell L. Feldman, Esquire*
Mitchell L. Feldman, Esquire
FBN: 0080349
18801 N. Dale Mabry Highway #563
Lutz, FL 33548
T: 813-639-9366
Email: mlf@ffmlawgroup.com